UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

ELAINE L. CHAO, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR,
: CIVIL ACTION
Plaintiff,
v. : No. 06-1212

COAST TO COAST HOME EQUITY CORP., : (Judge Cercone)
and METLIFE OF CONNECTICUT, :

Defendants :

---

**CONSENT JUDGMENT**

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Department"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by Defendant Coast to Coast Home Equity Corp. ("Coast to Coast") with regard to the Coast to Coast Home Equity Corp. 401(k) Plan ("the Plan").

The Department of Labor, through counsel, has engaged in settlement discussions with Coast to Coast's bankruptcy counsel. The parties have agreed to resolve this case without further litigation. Coast to Coast and MetLife Insurance Company of Connecticut ("MLIC"), named in the caption of the Complaint as MetLife of Connecticut, consent to the entry of this Consent Judgment by this Court, the terms of which are set forth herein:

1. The Department's Complaint alleges that Defendant Coast to Coast violated Section 404 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104.

2. For purposes of this Consent Judgment, Defendants Coast to Coast and MLIC admit that the Court has jurisdiction over them and the subject matter of this action.

3. The Department has agreed to resolve all claims against Defendant Coast to Coast for the following relief:

a. Removal of Coast to Coast as Plan Administrator of the Plan and appointment of Metro Benefits, Inc. as the Independent Fiduciary for the Coast to Coast Home Equity Corp. 401(k) Plan ("the Plan").

4. The Department and Coast to Coast understand and agree that entry of this Consent Judgment is without prejudice to the Department's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Department's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Coast to Coast or MLIC of any defenses, legal or equitable, to any such future action. Without admitting that such authority is necessary, the Department acknowledges that Tamera Ochs Rothschild, Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Coast to Coast Home Equity Corp., shall obtain Bankruptcy Court authority to execute this Consent, as settlement of this limited action. Upon installment of an Independent Fiduciary, the trustee, Tamera Ochs Rothschild, shall be released from any further responsibility for the Plan.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

a. This Court has jurisdiction over this action and over Coast to Coast, MLIC and the Plan.

2

    b. Defendant Coast to Coast is removed as Plan Administrator.

    c. Coast to Coast is permanently enjoined from serving as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Coast to Coast is permanently enjoined from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

    d. Metro Benefits, Inc. is appointed as the Independent Fiduciary of the Plan with plenary authority over Plan administration management and disposition of Plan assets, including final disbursement of Plan assets.

    e. Defendant Coast to Coast, its agents, representatives, servants and employees and all persons acting by or under authority shall cooperate with the Independent Fiduciary in the performance of its duties. Defendant Coast to Coast shall provide its full cooperation to the Independent Fiduciary relative to any need for participant or financial data that may exist with regard to any record of the Plan, including but not limited to, hard copy of data relating to prior allocations, payments, and tax records, and assistance in transfer of prior records to the database of the Plan. Defendant shall assist in the review of such transferred records, if requested. Defendant Coast to Coast shall provide any other information requested. The Department acknowledges that Tamera Ochs Rothschild, Chapter 7 Bankruptcy Trustee, represents that all Plan records in her possession have been forwarded to the Department of Labor.

    f. Defendant MLIC, its agents, representatives, servants and employees and all persons acting by or under its authority, shall cooperate with the Independent Fiduciary in the performance of its duties. Defendant MLIC shall provide

3

its full cooperation to the Independent Fiduciary relative to any need for participant or financial data that may exist with regard to any record of the Plan in MLIC's possession, including but not limited to, hard copy of data relating to prior allocations, payments, and tax records, and assistance in transfer of prior records to the database of the Plan. Defendant MLIC shall assist in the review of such transferred records as is reasonably necessary for clarification or explanation of the records provided, if requested.

   g. The Department, Coast to Coast and MLIC shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

   h. This Consent Judgment shall operate as a final disposition of all claims asserted by the Department against Coast to Coast in the Complaint.

   i. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

   j. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

k.  The Court directs the entry of this Consent Judgment as a final Order.

Date: **4-12-07**

David S. Cercone
United States District Judge

Defendants Coast to Coast and MLIC consent to the entry of this Consent Judgment individually and through counsel.

Jonathan L. Snare
Acting Solicitor of Labor

Coast to Coast Home Equity Corp.

Catherine Oliver Murphy
Regional Solicitor

By: Tamera Ochs Rothschild /s/
Tamera Ochs Rothschild, Esquire
314 S. Franklin St., Suite A
Titusville, PA 16354

Attorney for Coast to Coast

/s/ Linda M. Henry
Linda M. Henry
Attorney
I.D. No. 39186

MetLife Insurance Company of Connecticut

By: Ruth Susnick #H 2|07
Ruth Susnick, Esquire
Andrew S. Varady, Esquire
1 MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY 11101

U.S. DEPARTMENT OF LABOR

Mary Beth Buchanan
United States Attorney

By: /s/ Albert W. Schollaert
Albert W. Schollaert
Assistant U.S. Attorney
I.D. No. 23629

Attorney for MetLife

Attorneys for Plaintiff